**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VERNON BARR,

               Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant - Appellee.

No. 13-35202

D.C. No. 3:12-cv-05094-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 11, 2014
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Vernon Barr appeals the denial of his application for Social Security

benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The Administrative Law Judge ("ALJ") did not err in not evaluating

Barr's eczema at step two because Barr presented no medical evidence of an

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

eczema impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). Furthermore, the Appeals Council was not required to remand for further factual development after Barr produced medical evidence of his eczema because, even with the medical evidence as part of the record, substantial evidence supported the ALJ's decision not to consider Barr's eczema as a severe impairment. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

**2.** The ALJ provided "specific, clear and convincing reasons" to discredit Barr's testimony about the severity of his impairments. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). The ALJ discredited Barr's testimony about his knee pain because it was inconsistent with Barr's prior statements and objective medical evidence that Barr was "doing well" and making "satisfactory progress" in pain symptoms. The ALJ discredited Barr's testimony about the severity of his mental health impairments based on conflicting evidence of symptoms and inconsistent testimony about Barr's substance abuse. The ALJ also noted that Barr had demonstrated drug-seeking behavior and a probable secondary gain motive related to gambling. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ's decision to discredit Barr's testimony about

2

the severity of his impairments was supported by substantial evidence. In sum, the ALJ did not err in any of his challenged credibility determinations.

3.     The ALJ provided a specific and legitimate reason why he gave only some weight to examining physician Dr. Trowbridge's opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). The ALJ also provided a germane reason why he gave little weight to nurse practitioner Nelson's opinion. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ's determination that Trowbridge's and Nelson's opinions conflicted with the medical record was supported by substantial evidence.

4.     The ALJ discounted lay witness Seivert's testimony about Barr's symptoms for the germane reason that her testimony conflicted with medical evidence. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Thus, the ALJ did not err in discounting Seivert's testimony.

5.     The ALJ did not err in relying on the vocational expert's testimony in response to his hypothetical that did not include Barr's eczema or his allegedly severe mental health limitations. This argument restates the arguments rejected above and fails for the same reasons. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

The judgment of the district court affirming the Commissioner's denial of benefits is

**AFFIRMED.**